**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JOONG ANG CORPORATION, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:21-cv-00022 |
| | § | |
| SDI FABSURPLUS, LLC, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant | § | |

## COMPLAINT

COMES NOW, JOONG ANG CORPORATION, Plaintiff herein, and files this Complaint against SDI FABSURPLUS, LLC, Defendant herein, and for cause of action would respectfully submit to the Court as follows:

### PARTIES

1.      Plaintiff JOONG ANG CORPORATION ("JAC") is a foreign corporation maintaining its principal place of business in the Republic of Korea.

2.      Defendant SDI FABSURPLUS, LLC ("SDI") is a Texas limited liability company maintaining its principal place of business in Boerne, Texas, and may be served with process by and through its registered agent for service of process:  Jesse B. Griffin, 1001 Main Street, Suite 3, Boerne, Texas  78006.

### JURISDICTION

3.      The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(4), because JAC is a citizen of a foreign state; SDI is a citizen of Texas; and the amount in controversy exceeds $75,000.00 excluding interest and costs.

Complaint

## VENUE

4.       Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (b)(2), because SDI

maintains its principal place of business in the State of Texas, and a substantial part of the

events or omissions which give rise to this claim occurred in this District.

## FACTUAL BACKGROUND

5.       On or about May 22, 2019, JAC and SDI entered into a Purchase Order Agreement

whereby SDI agreed to sell and JAC agreed to purchase a commercial equipment back

grinder known as Disco DFG 8540 ("Disco").  The total purchase price for the Disco unit

was $250,000.00 to be paid in several installments of $20,000.00, $30,000.00 and finally

$200,000.00.  A true, correct and genuine copy of the purchase order is attached hereto and

incorporated herein as Exhibit A.

6.       The contract provided that all sales of equipment were final and that 100% payment was

due before SDI's delivery of the equipment.  The sale was not conditioned upon or otherwise

made subject to SDI's ability to secure the Disco equipment from any third party.  SDI was

responsible for all shipping/freight, insurance, transportation, sales tax, and rigging and

crating costs incurred in delivering the Disco equipment to a designed warehouse delivery

point, subject to EXW (Incoterms 2010) shipping terms.  Prior to delivery SDI assumed all

liability for delivery of the equipment and all other risks of loss or damage, including the loss

of JAC's funds used to purchase the equipment.

7.       On June 17, 2019, JAC sent the initial $20,000.00 payment to SDI by wire transfer to

SDI's Bank of America account located in Boerne, Texas.  A true correct and genuine copy

of said initial $20,000.00 wire transfer is attached hereto and incorporated herein as Exhibit

B.

8.    By wire transfer dated June 19, 2019, JAC made the second $30,000.00 installment payment to SDI.  A true correct and genuine copy of said $30,000.00 wire transfer is attached hereto and incorporated herein as Exhibit C.

9.    JAC anticipated selling the Disco machine to a third party user, DMT of Taiwan.   On or about July 10, 2019, Sean Bang, an employee of SDI and a representative of DMT visited the site of the Disco machine, located at the offices of Axus Technology, Inc. located in Chandler, Arizona, to inspect the Disco machine prior to purchase and delivery.   The machine passed inspection.   JAC, SDI and DMT were notified, and the transaction was scheduled to close.

10.    Post inspection, JAC wire transferred to SDI funds in the amount of $200,000.00 constituting the net balance due on the JAC/SDI purchase order.  A true, correct and genuine copy of JAC's wire transfer of July 11, 2019 in the amount of $200,000.00 to SDI is attached hereto and incorporated herein as Exhibit D.

11.    SDI, on June 20, 2019, executed a separate purchase order with Maytech, an entity purporting to be the supplier of the Disco machine, to purchase the Disco machine for $215,000.00 via wire transfer instruction to a Maytech purported bank account with Capital One Bank in the Bronx, New York.   A true, correct and genuine copy of the Maytech contract is attached hereto and incorporated herein as Exhibit E.  SDI had apparently never done business with Maytech as an equipment supplier before this transaction, and conducted no due diligence to verify the existence of Maytech; the validity of its wire transfer instructions; the ownership of the equipment; or its capability of performing.

12.    Following the inspection, SDI effectuated the wire transfer of the $215,000.00 from its account at Bank of America, to a Maytech account at Capital One Bank, on or about July 12,

Complaint

2019. After initiation of the wire transfer, Alex Banes, a purported officer and/or employee of Maytech, by e-mail dated July 17, 2019, notified SDI that clearance of the wire transfer had been held up due to problems at Capital One Bank verifying the identity and validity of the Maytech account. Mr. Banes requested SDI to immediately contact Bank of America to initiate an immediate call back on the wire transfer funds. Upon information and belief, SDI failed to timely instruct a call back of fund through its bank, Bank of America. Absent an immediate call back, the wire transfer funds were deposited into Maytech's designated Capital One Bank account.

13.     Upon receipt of the final wire transfer, Maytech was obligated to deliver the Disco machine as directed by SDI.

14.     SDI, shortly after the funds had been transferred to Maytech, discovered that Maytech was a false entity established by third-party foreign nationals Osita J. Enwerno a/k/a Osita J. Enweronye, Patrick J. Enweroyne and others, as a vehicle to perpetrate a fraud on the parties to the transaction, and unlawfully steal the funds wired by SDI.

15.     When SDI realized that Maytech was a fraud and its principal account was established by foreign national thieves, SDI notified JAC that it could not provide the Disco machine as contracted and that the money had been stolen.

16.     Upon information and belief, SDI reported the fraud to both Bank of America and Capital One Bank, neither of which has, to date, successfully tracked the funds or the third party(ies) who set up the fraudulent Maytech account.

17.     JAC, by notice to SDI dated July 19, 2019, cancelled the contract and demanded a full refund of the purchase price of $250,000.00.

Complaint

18.     SDI never delivered the Disco machine or refunded the full purchase price.  On or about November 15, 2019, SDI paid a partial refund of only $35,000.00 to JAC, leaving a net refund amount due and owing to JAC of $215,000.00.  Despite demand, SDI has failed and refused to refund the balance of the purchase price.

## CAUSES OF ACTION

### Breach of Contract

19.     JAC adopts and reasserts the factual allegations set forth in Paragraphs 1 - 18 herein.

20.     The purchase order by and between JAC and SDI was a valid, enforceable contract.  JAC, as a party to the contract, is a proper party to bring suit for breach of contract.  JAC fully performed its obligations under the contract.  Defendant SDI however, materially breached the contract by failing to deliver the Disco equipment and failing to refund the full amount of the purchase price when the machine was not delivered, proximately causing JAC actual damages in the amount of $215,000.00, together with pre and post-judgment interest thereon, and recovery of reasonable attorney's fees as set forth in the contract.

### Fraud by Omission

21.     JAC adopts and reasserts the factual allegations set forth in Paragraphs 1 - 18 herein.

22.     JAC further alleges that SDI concealed or failed to disclose that SDI did not own or control the subject Disco equipment and that it had to secure same from a third party or parties.  The terms of the contract created the false impression that SDI owned or controlled the Disco equipment and that SDI could effectuate the sale directly to JAC.  SDI created a false representation with disclosure of some information about the Disco equipment, but not all relevant information.  SDI, therefore, had a duty to disclose to JAC that SDI did not own or control the equipment and that title and physical possession of the equipment had to be

5

acquired from a third party(ies).  The facts pertaining to SDI's lack of ownership and control of the equipment were material to the transaction.  SDI knew that JAC was ignorant of the actual ownership and control of the equipment, and JAC did not have an equal opportunity to discover the facts.  SDI was deliberately silent when it had a duty to disclose all facts relating to the ownership of the equipment.  SDI's failure to disclose the fact that it did not own the Disco equipment and had to acquire same from third party(ies) in order to perform on the contract, was intended to induce JAC to enter into the contract and pre-pay the entire purchase price for the equipment.  JAC relied on SDI's non-disclosure by pre-paying the entire purchase and suffered injury by loss of the prepaid purchase price and never receiving the equipment.

## Negligence

23.     JAC adopts and reasserts the factual allegations set forth in Paragraphs 1 - 18 herein.

24.     JAC further alleges that SDI had a duty of care to exercise commercially reasonable practices in dealing with Maytech, an entity with which it had no prior dealings. Specifically, SDI failed to reasonably investigate and verify the existence of Maytech and its ability to deliver the specified Disco equipment; its ownership of a banking account(s) with Capital One Bank; and wire transfer information, before executing a purchase order and wire transferring JAC's funds to Maytech.  SDI, by failing to conduct any due diligence investigation of Maytech and its designated account, and by failing to initiate an immediate call back of the wire funds through Bank of America, breached said duty of care, proximately causing JAC actual damages in the amount of $215,000.00, together with pre and post-judgment interest as provided by law.

Complaint

25.     JAC further alleges that by failing to investigate and verify the legitimacy of Maytech, and by wire transferring funds to a designated bank account without first having conducted said investigation, SDI was grossly negligent, thereby entitling JAC to recover exemplary damages under TEX. CIV. PRAC. & REM. CODE §41.003(a).

## Negligent Misrepresentation

26.     JAC adopts and reasserts the factual allegations set forth in Paragraphs 1 - 18 herein.

27.     JAC further alleges in the alternative, that SDI made representations and or failed to disclose material facts to JAC as to the ownership of the equipment and its ability to consummate the sale directly to JAC from its own equipment inventory.  SDI did not disclose the actual owner of the equipment or that SDI's performance of the contract was in any way contingent upon acquisition of the equipment from any third party.  SDI's representation(s) and or failure to disclose occurred in the course of SDI's business and in a transaction in which SDI had a pecuniary interest.  SDI supplied false information to JAC and/or did not use reasonable care in obtaining or communicating said information.  JAC's justifiable reliance upon SDI's representations or omissions proximately caused JAC to incur out-of-pocket losses in the amount of $215,000.00.

## Money Had and Received

28.     JAC adopts and reasserts the factual allegations set forth in Paragraphs 1 - 18 herein.

29.     JAC further alleges that SDI had and received a total of $250,000.00 from JAC on the Disco transaction.  Said funds were owned by JAC until delivery of the Disco equipment was effectuated in accordance with the purchase order.  SDI received and deposited said funds, and any reimbursement of funds by any banking institution, which in equity and good conscience belongs to JAC.  In order to avoid unjust enrichment, said funds, including any

7

Complaint

funds reimbursed by the commercial banks involved in the transaction, should be paid back to JAC in the amount of $215,000.00, together with pre and post-judgment interest as provided by law; and reasonable attorney's fees provided by contract.

## UCC Violations

30.    JAC adopts and reasserts the factual allegations set forth in Paragraphs 1 - 18 herein.

31.    JAC alleges that the purchase order contract with SDI was a contract for the sale of goods subject to the terms and provisions of Chapter 2 of the UCC (Sales).  TEX. BUS. & COMM. CODE §2.106, *et seq.*, and the rights and remedies afforded to a buyer thereunder.  The purchase order was a contract under TEX. BUS. & COMM. CODE §1.201; the equipment that was the subject of the sale was a good under §2.105; SDI was the seller under §2.103; and JAC was the aggrieved buyer under §§1.201 and 2.106.

32.    JAC's cancellation of the purchase order contract as provided in TEX. BUS. & COMM. CODE §2.720, entitles JAC to recover the net purchase price paid, $215,000.00, under §2.711 and 2.713, together with reasonably foreseeable consequential damages under §2.715.

33.    JAC further seeks recovery of its reasonable attorney's fees and pre and post-judgment interest as provided by law.

## Breach of Fiduciary Duty

34.    JAC adopts and reasserts the factual allegations set forth in Paragraphs 1 – 18 herein.

35.    In the alternative, JAC alleges that SDI acted as JAC's agent in facilitating and securing the purchase and sale of the Disco equipment.  By failing to secure and deliver the Disco equipment; by failing to disclose that SDI did not own or control the Disco equipment; and/or by failing to fully refund the purchase price paid by JAC, SDI breached its fiduciary obligations, proximately causing JAC the loss of the purchase price paid in the net amount of

Complaint

$215,000.00, together with pre and post-judgment interest thereon and reasonable attorney's fees as specified by contract.

36.    JAC further seeks recovery of exemplary damages under TEX. CIV. PRAC. & REM. CODE §41.

## DTPA Violations

37.    JAC adopts and reasserts the factual allegations set forth in Paragraphs 1 - 18 herein.

38.    JAC further alleges in the alternative, that JAC is a business consumer who sought to acquire goods and services from SDI as defined by TEX. BUS. & COMM. CODE. ANN.§ 17.45. By failing to disclose its lack of ownership and/or possession or control over the Disco equipment and by requiring 100% pre-payment of the purchase price before any delivery of the equipment, SDI engaged in false, misleading or deceptive acts in violation of TEX. BUS. & COMM. CODE ANN. §§17.46(b)(2), (3), (5), (12), and (24), as well as §§ 17.50(a)(1)(A) and (B) and (3), which were the producing cause of actual damages in the amount of $215,000.00 together with pre and post-judgment interest thereon, together with reasonable attorney's fees as provided by law.   Pre-suit notice of said DTPA violations was sent via certified mail, return receipt requested, on October 23, 2020, a true, correct, and genuine copy of which is attached hereto as Exhibit F.

39.    JAC further alleges that the actions of SDI were committed knowingly, thereby entitling JAC to recovery of three times the amount of its economic damages.

## JURY DEMAND

40.    JAC hereby requests a trial by jury in this cause and herewith tenders the jury fee.

Complaint

## PRAYER

41.     JAC respectfully prays that SDI be cited to appear and answer herein; and that after a trial on the merits, judgment be awarded in favor of JAC against SDI for actual damages; reasonably foreseeable consequential damages; exemplary damages; statutory damages; reasonable attorney's fees; together with pre and post judgment interest as may be allowed by law; court costs; and for such other and further relief to which JAC may be justly entitled.

### THE CUNNINGHAM LAW FIRM

/s/ *Scott Douglas Cunningham*
SCOTT DOUGLAS CUNNINGHAM
Texas Bar No. 05243700
7670 Woodway, Suite 110
Houston, Texas 77063
(713) 273-8950
(713) 273-8951 (fax)
E-mail: sdc1776@peoplepc.com

COUNSEL FOR PLAINTIFF
JOONG ANG CORPORATION

**Of Counsel:**

Jeeho Shin
Texas Bar No. 24094945
JEEHO SHIN & ASSOCIATES, PLLC
10333 Harwin Dr., Suite 170
Houston, Texas 77036
(832) 977-3900
(832) 956-1926 (fax)
E-mail: thejslaw@outlook.com

Complaint